J-S18021-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JASON CORTEZ MCKINNON, | |
| Appellant | No. 1419 EDA 2014 |

Appeal from the PCRA Order entered April 4, 2014,
in the Court of Common Pleas of Lehigh County,
Criminal Division, at No(s): CP-39-CR-0001212-2011

BEFORE:  BENDER, P.J.E., ALLEN, and MUNDY, JJ.

MEMORANDUM BY ALLEN, J.:                         **FILED MARCH 23, 2015**

Jason Cortez McKinnon ("Appellant") appeals from the order denying his petition for post-conviction relief filed pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-46.  PCRA counsel has also filed a petition to withdraw.  We affirm.

The PCRA court summarized the pertinent facts as follows:

> On February 3, 2011, at approximately 8 p.m., a black Mercedes M-320 SUV entered the parking lot of the TD Bank, located at 1828 Tilghman Street, Allentown, Lehigh County, Pennsylvania.  Upon entering the lot, the vehicle circled the bank and parked.  Three men wearing hoodie-type sweatshirts, full ski masks, gloves, and dark clothing exited the SUV and entered the bank.  One defendant, later identified as [Appellant], displayed an UZI-style firearm, while another actor, later identified as Robert Taylor, displayed a revolver.  A third individual, later identified as Brandon Carter, stayed at the rear of the bank.  Mr. Taylor and [Appellant] entered the bank through the front.  Upon entering, Mr. Taylor and

[Appellant] ordered all of the employees to proceed to the rear of the bank.

While in the rear of the bank, they ordered a teller to help them access a safe, but the teller was unable to do so. While in the rear of the bank, near where much of the money was kept, Mr. Taylor and [Appellant] ransacked the area and were able to obtain $14,855.00 from the bank. The three co-defendants left on foot, leaving the SUV parked in the parking lot.

Bank employees pushed the panic button at 8:11 p.m. and Allentown Police responded shortly thereafter. A review of the surveillance video showed the registration of the SUV. Police officers checked the registration and determined that it was registered to Tyesha Dorsey. Allentown Police obtained a search warrant for the SUV and inside the car they found numerous bullets, latex gloves, zip ties and an identification card belonging to [Appellant]. Further investigation determined that [Appellant] and Tyesha Dorsey were involved in a relationship.

Allentown Police was able to obtain (via court order) [Appellant's] cellular telephone records and cellular tower location. Investigators were able to determine that an hour prior to the robbery, [Appellant] made a call from his cellular phone while in the Allentown area. The records also determined that [Appellant] was involved in numerous conversations with his cousin, co-defendant Brandon Carter.

On February 24th, 2011, Allentown Police obtained a search warrant for Brandon Carter's residence at 526 North Nineteenth Street, Allentown, Lehigh County, Pennsylvania. Inside, police found a black shoulder bag which matched the description given by a bank employee. Inside the bag the police found an UZI style Cobray PM-11 9mm gun with an obliterated serial number and a revolver. They also found $361.00, $10.00 of which was marked money taken from the bank. Mr. Carter was taken into custody trying to leave out of the back door. Mr. Carter was taken to police headquarters and interviewed, after being given his *Miranda* warnings. At that time, he gave a full statement detailing the bank robbery and the people

involved. He indicated that [Appellant] had, in fact, planned the robbery, [and] that Mr. Taylor was also present at the robbery. He was presented with a photo line-up and positively identified [Appellant] and Robert Taylor as being the two others involved in the bank robbery.

Shortly thereafter, Robert Taylor was taken into custody in another jurisdiction and returned to the Allentown area. After being given his **Miranda** warnings by Allentown Police, he gave a full statement indicating his involvement. Further, he indicated that Mr. Carter and [Appellant] were also involved in the robbery.

PCRA Court Opinion, 9/11/14, at 5-7.

Following Appellant's arrest, the Commonwealth charged him with robbery, theft by unlawful taking, receiving stolen property, terroristic threats, and criminal conspiracy to commit robbery. On March 27, 2012, Appellant entered a negotiated guilty plea to one count of robbery and one count of criminal conspiracy. On August 2, 2012, the trial court sentenced Appellant to a term of five to ten years of imprisonment for his robbery conviction, and a consecutive two to five years of imprisonment for his criminal conspiracy conviction. Thus, the trial court sentenced Appellant to an aggregate term of seven to fifteen years of incarceration.

On August 9, 2012, Appellant filed a post-sentence motion, which included a claim that he was sentenced to a longer sentence than that received by this co-defendants, despite the similar facts and circumstances

surrounding the bank robbery.[1]   According to Appellant, he should have received a similar sentence and/or the sentences for the two counts to which he pled guilty should have been concurrent.  On August 10, 2012, the trial court denied Appellant's post-sentence motion.  Appellant did not file a direct appeal.

On May 16, 2013, Appellant filed a *pro se* PCRA petition, and the PCRA court appointed the county public defender's office to represent him. Subsequently, the PCRA court permitted the assigned public defender to withdraw because Appellant would not communicate with him.

"On November 1, 2013, the [PCRA court] received a letter from [Appellant.]  In the letter, [Appellant] states he is not challenging his guilt in the instant matter, 'nor any challenges to the guilty plea itself.'  Rather, [Appellant] was seeking to have the [trial court] reconsider its sentence to make the two counts [to] which he plead guilty to run concurrently, rather than consecutively."  PCRA Court Opinion, 9/11/14, at 4.

---

[1] Robert Taylor pled guilty to criminal conspiracy to commit robbery, and the trial court sentenced him to a term of five to ten years of imprisonment. Brandon Carter pled guilty to the same crime and the trial court sentenced him to a term of three to ten years of imprisonment.

On December 17, 2013, [PCRA counsel] entered his appearance for Appellant. On April 4, 2014, a PCRA hearing was held. At that time, the PCRA court heard testimony from Appellant regarding his dissatisfaction with the effectiveness of prior counsel. At the conclusion of his testimony, Appellant indicated that he was not denying his role in the bank robbery, but was merely seeking a lesser sentence. Following oral argument by counsel, the PCRA court denied and dismissed Appellant's PCRA petition. This appeal followed.[2] Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

In lieu of an advocate's brief, Appellant's counsel has filed a "no-merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Our Supreme Court has explained:

> These cases establish the procedure for withdrawal of court-appointed counsel in collateral attacks on criminal convictions. Independent review of the record by competent counsel is required before withdrawal is permitted. Such independent review requires proof of:
>
> 1) A "no-merit" letter by PCRA counsel detailing the nature and extent of his [or her] review;

---

[2] By order entered July 15, 2014, this Court permitted Appellant's privately-retained counsel to withdraw, and remanded the case for the PCRA court to appoint counsel for Appellant if he was financially eligible. Pursuant to this directive, the PCRA court appointed Appellant's present counsel on July 23, 2014.

2) A "no-merit" letter by PCRA counsel listing each issue the petitioner wished to have reviewed;

3) The PCRA counsel's "explanation", in the "no-merit" letter, of why the petitioner's issues were meritless;

4) The PCRA court conducting its own independent review of the record; and

5) The PCRA court agreeing with counsel that the petition was meritless.

**Commonwealth v. Pitts**, 981 A.2d 875, 876 n.1, (Pa. 2009) (citations omitted). Here, counsel has complied with the mandates of **Turner** and **Finley**, as summarized in **Pitts**, **supra**. We therefore must determine whether we agree with counsel's assessment of Appellant's claims.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **Commonwealth v. Halley**, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2001). Moreover, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that the petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence. **Commonwealth v. Jordan**, 772 A.2d 1011 (Pa. Super. 2001).

Within his "no-merit" letter, PCRA counsel first notes that, although Appellant raises claims of prior counsel's effectiveness prior to the entry of his guilty plea, Appellant concedes, in both his letter to the PCRA court, *see infra*, and at the PCRA hearing, that he did not want to challenge the validity of his plea. *See* N.T., 4/4/14, at 22-23. Given this concession, Appellant's ineffectiveness claim fails. *See e.g.*, *Commonwealth v. Johnson*, 875 A.2d 328, 331 (Pa. Super. 2005) (explaining that when a PCRA petitioner asserts a claim of ineffectiveness of counsel in the context of a guilty plea, he or she must show that plea counsel's ineffectiveness induced him to enter the plea).

In his only other claim, Appellant asserts that his consecutive sentences for robbery and criminal conspiracy to commit robbery constitute an illegal sentence because the convictions should have merged for sentencing purposes. As correctly recognized by PCRA counsel, however, "[c]onspiracy to commit a substantive offense, and the substantive offense itself which is the object of the conspiracy, are two entirely separate crimes." "No-Merit" Letter, 10/22/14, at 3 (citing *Commonwealth v. Johnson*, 26 A.3d 1078, 1090 (Pa. 2011)). As such, Appellant's convictions for these crimes do not merge for sentencing purposes. *See generally*, 42 Pa.C.S.A. § 9765.

In sum, we have reviewed the record, including the notes of testimony from Appellant's guilty plea hearing and the PCRA hearing, and agree with

PCRA counsel's determination that Appellant's claims are without merit. We therefore affirm the PCRA court's denial of Appellant's petition for post-conviction relief, and grant counsel's petition to withdraw.

Petition to Withdraw granted. Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/23/2015